FILED
2021 JUN 28 AM 7:19
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ANAMARIE R., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of the Social Security Administration, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION** <br><br> Case No. 2:20-cv-00256-DAO <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Anamarie R.[1] brought this action against Defendant Andrew Saul, Commissioner of the Social Security Administration (the "Commissioner"), seeking judicial review of the denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. (*See* Opening Br. 4–5, Doc. No. 27.) The Administrative Law Judge ("ALJ") determined Ms. R. did not qualify as disabled because she was capable of performing past relevant work. (Certified Tr. of Admin. R. ("Tr.") 26–27, Doc. Nos. 16–24.) After careful review of the record and the parties' briefs,[2] the court[3] REVERSES and REMANDS the Commissioner's decision.

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including Social Security cases, the court will refer to the Plaintiff by her first name and last initial only.

[2] The appeal will be determined on the basis of the written memoranda, pursuant to Civil Rule 7 1(f) of the Rules of Practice for the United States District Court for the District of Utah, as oral argument is unnecessary.

[3] The parties consent to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. No. 12.)

1

## STANDARD OF REVIEW

Sections 405(g) and of Title 42 of the United States Code provide for judicial review of a final decision of the Commissioner of the Social Security Administration. This court reviews the ALJ's decision to determine whether the record contains substantial evidence in support of the ALJ's factual findings and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Although the court considers "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases," the court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (internal quotation marks omitted).

The ALJ's factual findings will stand if supported by substantial evidence. 42 U.S.C. § 405(g). The substantial evidence standard "requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence or if there is a mere scintilla of evidence supporting it." *Id.* (citation omitted). The court will "examine the record as a whole, including whatever in the record fairly detracts from the weight of the [ALJ's] decision and, on that basis, determine if the substantiality of the evidence test has been met." *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994) (citation omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax*, 489 F.3d at 1084 (citation omitted). Moreover, the court may not substitute its judgment for that of the ALJ. *Langley*, 373 F.3d at 1118.

In addition, the court reviews whether the ALJ applied the correct legal standards. "The failure to apply the correct legal standard or to provide [the] court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993) (internal quotation marks omitted).

## APPLICABLE LAW

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Social Security Act, an individual is considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

In determining whether a claimant qualifies as disabled within the meaning of the Social Security Act, the ALJ employs a five-step sequential evaluation. The analysis requires the ALJ to consider whether:

1) The claimant presently engages in substantial gainful activity;
2) The claimant has a severe medically determinable physical or mental impairment;
3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which precludes substantial gainful activity;
4) The claimant possesses a residual functional capacity to perform past relevant work; and

> 5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

See 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden, in the first four steps, of establishing the disability. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). At step five, the burden shifts to the Commissioner to show the claimant retains the ability to perform other work existing in the national economy. *Id.*

PROCEDURAL HISTORY

Ms. R. filed an application for disability insurance benefits on October 10, 2013, alleging disability beginning on July 3, 2013. (Tr. 120.) On September 30, 2016, after a hearing, the ALJ found Ms. R. was not disabled. (Tr. 13–27.)

At step two of the sequential evaluation, the ALJ found Ms. R. had the severe impairments of osteoarthritis of the left hip and both knees, obesity, alcoholic cirrhosis, anemia, hiatal hernia, and asthma. (Tr. 16.) At step three, the ALJ concluded Ms. R.'s impairments did not meet or equal an impairment listing. (Tr. 20.) At step four, the ALJ found she had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except she can never climb ladders, ropes, or scaffolds; she can occasionally climb ramps and stairs, kneel, crouch, and crawl; and she must avoid concentrated exposure to pulmonary irritants. (Tr. 20.) Based on this RFC, the ALJ concluded Ms. R. could perform her past relevant work as a fast-food worker. (Tr. 26.) The ALJ found Ms. R.'s work for Desert King (a Burger King franchise) in 2006 met the recency, earnings, and duration requirements to be considered past relevant work. (Tr. 26.) Therefore, the ALJ found Ms. R. was not disabled at

step four. (Tr. 26–27.) The ALJ did not make findings regarding any other past work, and he did not proceed to step five of the sequential evaluation.

The Appeals Council denied Ms. R.'s request for review, (Tr. 1–3), making the ALJ's decision final for purposes of judicial review.

## DISCUSSION

Ms. R. contends the ALJ erred in finding her work for Desert King qualified as past relevant work. (Opening Br. 8–9, Doc. No. 27.) Specifically, she argues the ALJ's determination that Ms. R.'s earnings at Desert King met the threshold for substantial gainful activity, as required to qualify as past relevant work, was not based on substantial evidence. (*Id.* at 9–12.)

In his Answer Brief, the Commissioner admits "the ALJ's particular sub-findings about [the Desert King] job do not appear well-supported," and concedes the ALJ's findings regarding this job were factually erroneous. (Answer Br. 5, Doc. No. 29.) But the Commissioner argues this error was harmless because the record supports a finding that Ms. R.'s work as a factory assembler qualified as past relevant work and that she remained able to do it. (*Id.* at 5–6.) Based on this evidence, the Commissioner urges the court to find Ms. R. was not disabled at step four and to affirm the ALJ's decision to deny benefits. (*Id.* at 5–9.)

Ms. R. did not file any reply brief responding to the Commissioner's argument regarding harmless error. (*See* Pl.'s Notice Regarding Pl.'s Reply Brief, Doc. No. 30 (stating that Ms. R. would not be filing a reply brief).)

### A. Desert King Employment

A claimant's past employment qualifies as past relevant work if it "was done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful

activity." 20 C.F.R. § 404.1565(a). To constitute "substantial gainful activity," the claimant's average monthly earnings must exceed the threshold set out in the social security regulations. *See* 20 C.F.R. § 404.1574(b). In 2006, the applicable threshold was $860 per month. *See* Program Operations Manual System (POMS) DI 10501.015, "Tables of SGA Earnings Guidelines and Effective Dates Based on Year of Work Activity," https://secure.ssa.gov/poms.nsf/lnx/0410501015.

At the hearing, Ms. R. testified she held three fast-food jobs: first at Desert King for six months, then at Pilot Travel Center, then at Kentucky Fried Chicken in 2007. (Tr. 83–84, 86–87.) The ALJ found Ms. R.'s employment at Desert King met the definition of substantial gainful activity and qualified as past relevant work. (Tr. 26.) The ALJ found she earned $3,497.69 at Desert King, and he made the following findings regarding the duration of her employment:

> At the hearing, she testified to working there for six months; however, from the claimant's submissions to the agency, it appears she worked there for four months. The claimant reported that she began working for Pilot [T]ravel [C]enter in May 2005 but substantial earnings from Pilot Travel Center are not posted until 2006. Accordingly, I find that the claimant did not start working for [P]ilot [T]ravel [C]enter until May 2006. Therefore I find that the claimant worked for Desert King in the first four months of 2006.

(*Id.*) Based on her total earnings and the four-month duration of her employment, the ALJ calculated that Ms. R.'s earnings "exceed[ed] the average monthly income threshold of $860.00 set by the Agency to be considered substantial." (*Id.*)

Ms. R. challenges the ALJ's finding that her employment at Desert King exceeded the earnings threshold required to qualify as substantial gainful activity. (Opening Br. 4, 9–10, Doc. No. 27.) Specifically, she argues the ALJ's finding that she worked for Desert King for only the first four months of 2006 was arbitrary and unsupported by evidence in the record. (*Id.* at 10–

6

12.) Ms. R. acknowledges the evidence regarding the duration of her employment was contradictory, but she argues there is no support in the record for the ALJ's finding that she began working for Pilot Travel Center in May 2006. (*Id.*)

The ALJ cited Exhibits 4D through 20D (Tr. 309–63), 2E (*id.* at 367–73), and 3E (*id.* at 374–81) in support of his findings. Exhibits 4D through 20D contain Ms. R.'s certified earnings record from the Internal Revenue Service (IRS), which shows earnings totaling $3,497.69 from Desert King in 2006, $5,587.71 from Pilot Travel Center in 2006, and $7,121.30 from Pilot Travel Center in 2007. (Tr. 314.) The IRS earnings record shows no earnings from fast-food jobs in 2005. In Exhibit 2E, Ms. R. reported working in "fast food" from May 2005 to April 2007, for eight hours per day, five days per week, earning $7.50 per hour. (Tr. 369.) In Exhibit 3E, Ms. R. reported working in "fast food" from May 2005 to February 2007, for eight hours per day, five days per week, earning $8.00 per hour. (Tr. 374, 378.)

These cited exhibits do not support the ALJ's finding regarding the duration of Ms. R.'s employment at Desert King. The IRS earnings report showing no earnings from fast-food employment in 2005 contradicts Ms. R.'s self-reported job history indicating she began fast-food employment in May 2005. The ALJ apparently resolved this contradiction by finding she began working in fast food in 2006 rather than 2005. This conclusion is supported by the IRS earnings report. (Tr. 314.) However, the ALJ specifically found Ms. R. began working for Pilot Travel Center in *May* 2006, and, therefore, worked at Desert King for only the first four months of 2006. (Tr. 26.) This more specific finding is not supported by the record evidence cited by the ALJ. None of the exhibits cited indicate Ms. R. began working at Pilot Travel Center in May 2006. Moreover, the ALJ's finding is contrary to Ms. R.'s testimony that she worked for Desert King for six months before starting work at Pilot Travel Center. Notably, the Commissioner

7

does not argue the ALJ's finding is supported by substantial evidence, and the Commissioner concedes the ALJ's determination regarding Ms. R.'s Desert King employment was factually erroneous. (Answer Br. 5, Doc. No. 29.)

If Ms. R. worked at Desert King for even slightly longer than four months, her average monthly earnings would not meet the threshold for substantial gainful activity, and, therefore, this job would not qualify as past relevant work. (*See* Opening Br. 12, Doc. No. 27.) Because there is no record evidence to support the ALJ's finding that Ms. R. worked at Desert King for only four months, his determination that Desert King qualified as past relevant work is not based on substantial evidence.

For these reasons, the ALJ erred in finding Ms. R. was not disabled based on her past employment at Desert King.

### B. Harmless Error

The Commissioner argues the ALJ's error was harmless because the record contains ample evidence to support a finding that Ms. R.'s work as a factory assembler qualified as past relevant work she was capable of performing. (Answer Br. 5–6, Doc. No. 29.) Although the ALJ made no findings regarding other past relevant work, the Commissioner argues the court may "supply the missing dispositive finding" based on the undisputed evidence, citing *Allen v. Barnhart*, 357 F.3d 1140 (10th Cir. 2004). (Answer Br. 7, Doc. No. 29.)

In *Allen*, the Tenth Circuit rejected the Commissioner's harmless error argument and declined to make alternative factual findings to support an ALJ's decision. 357 F.3d at 1144–45. The court cautioned: "[T]o the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action." *Id.* at 1145. But the court acknowledged:

> [I]t nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.

*Id.*

Here, the ALJ's decision contains no discussion whatsoever of Ms. R.'s past work as a factory assembler. The ALJ did not assess whether any job other than the Desert King job constituted past relevant work Ms. R. was capable of performing. (*See* Tr. at 26.) And most of the evidence cited by the Commissioner in his Answer Brief is not mentioned in the ALJ's decision. Where the ALJ's decision does not address this matter at all, the court cannot conclude he considered the relevant material but merely analyzed it improperly. *See Allen*, 357 F.3d at 1145. Under these circumstances, making factual findings in the first instance regarding Ms. R.'s other past work "would be an improper exercise in judicial factfinding rather than a proper application of harmless-error principles." *Id.*

Accordingly, the court declines to find ALJ's error at step four was harmless. Any new factual findings regarding past relevant work must be made by the ALJ in the first instance.

## CONCLUSION

For the reasons set forth above, the court REVERSES the Commissioner's decision and REMANDS the case for further proceedings consistent with this order.

DATED this 28th day of June, 2021.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge